UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MUMATZ HUSSAIN, *pro se*,          :
                                    :
                   Plaintiff,       :
                                    :                    **SUMMARY ORDER**
                                    :                    15-CV-2261 (DLI)
         -against-                  :
                                    :
YAQUB, *et al.*,                    :
                                    :
                   Defendants.      :
----------------------------------------------------------- x
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Mumtaz Hussain, proceeding *pro se*, filed this action on April 16, 2015, against Yaqub, Shafqat Hussain Arshad, Abdul Malik Chowk Panjkat, Man Zoor, Nazir, Bashir, Yusof, Imran, Mushtaq, Zulfiqar, JoJ, Vaziq and Taj ("Defendants") for "defrauding" him. Complaint ("Compl."), Dkt. Entry No. 1. For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* is granted only for purposes of this Order dismissing this action.

## BACKGROUND

Plaintiff, currently a resident of Bronx, New York,[1] brings this action against Shafqat Hussain Arshad ("Arshad") and various other defendants, all of whom he alleges reside in Pakistan. Plaintiff alleges that he entrusted Arshad to operate two pharmacies and a travel agency he owned in Brooklyn while he returned to Pakistan to care for his mother. Compl. at 3. Plaintiff contends he tasked Arshad "to expand the businesses and operate Universal travel and tours" during this leave of absence. *Id.* However, "[i]n 1994 [Arshad] took the money out of travel agency. . . . sold inventory and moved to Pakistan," *Id.* When Plaintiff questioned Arshad about

---
[1] On July 6, 2015, Plaintiff notified the Court of a change in his address from Brooklyn to a location in the Bronx. *See* Dkt. Entry Nos. 4 and 5.

his actions, Arshad allegedly "told [Plaintiff] he would give [him] money for [his] expenses in Pakistan." *Id.* Plaintiff alleges that, in 1999, he came back to the United States. *Id.* "[W]hile in [the] USA [he] called [Arshad] but he would not answer [Plaintiff's] calls." *Id.* Plaintiff alleges that he then returned to Pakistan, whereupon Arshad "threatened to kill [him]." *Id.* As a result, Plaintiff "had to leave that country." *Id.* Plaintiff seeks $712,493.00 in money damages. *Id.* at 1.

## STANDARD OF REVIEW

The Court is mindful that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff alleges "Arshad defrauded [him] in the amount of 712[,]493 U.S. dollars [and] Defendants . . . helped him steal, hide, transfer, [and] occupy the properties purchased with [Plaintiff's] money." Compl. at 1. The Court construes this action as a claim for conversion.

Conversion is the unauthorized exercise of control over the property of another. *See generally* 23 N.Y. Jur.2d, Conversion §§ 22 and 34. To prove conversion under New York law, a plaintiff must show: "(1) legal ownership or an immediate superior right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Wells Fargo Bank, N.A. v. National Gasoline, Inc.*, 2013 WL 696651 (E.D.N.Y. Feb. 26, 2015) (quoting *Eaves v. Designs for Fin., Inc.*, 785 F. Supp.2d 229, 267 (S.D.N.Y. 2011). "Moreover, where a conversion claim is for money, the funds in question must be specific and identifiable." *Wells Fargo Bank, N.A.*, 785 F. Supp.2d at 267 (citing Republic of *Haiti v. Duvalier*, 211 A.D.2d 379, 384 (1st Dep't 1995)).

As a threshold matter, because Plaintiff's claims lie entirely in state law, this Court may entertain the action only if diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists. A claim properly is brought under the Court's diversity jurisdiction if it is between parties of diverse citizenship and the amount in controversy exceeds the jurisdictional amount of $75,000.00. 28 U.S.C. § 1332(a). Plaintiff, allegedly a resident of New York, seeks redress against Yaqub and the other named defendants, all of whom allegedly live in Pakistan, for damages in the amount of $712,493.00. As such, for purposes of this Order, and liberally construing *pro se* Plaintiff's Complaint, the Court will assume that diversity jurisdiction exists.

However, Plaintiff's claims fail because they were brought well past the statute of limitations period. "New York applies a three-year statute of limitations for conversion." *USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp.3d 244 (E.D.N.Y. 2014) (quoting *St. John's Univ. v. Bolton*, 757 F. Supp.2d 144, 179 (E.D.N.Y. 2010) (citing N.Y. C.P.L.R. § 214(3)). "A cause of action for conversion accrues when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court." *Id.* (quoting *State of New York*

3

*v. Seventh Regiment Fund*, 98 N.Y.2d 249, 258 (2002) (quotation and citation in original omitted). Arshad's liquidation of Plaintiff's businesses and subsequent move to Pakistan allegedly occurred from 1994 to 1999. Plaintiff filed this action in 2015, well past the limitations period. Moreover, Plaintiff was aware of Arshad's actions in 1994 and possessed the facts necessary to bring a conversion action at that time. Accordingly, his claims are time barred.

While ordinarily the Court would allow Plaintiff an opportunity to amend the Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not do so here because it is clear from the face of the Complaint that he cannot establish a basis for a claim that is not time barred. Consequently, any attempt to amend the Complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend futile where barriers to relief cannot be surmounted by reframing complaint); *Cuoco v. Moritsugu, et. al*, 222 F.3d 99, at 112 (2d Cir. 2000).

## CONCLUSION

For the forgoing reasons, the Complaint is dismissed, with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 269 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
 September 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge